UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP.<br><br>Plaintiff,<br><br>v.<br><br>THE SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEIL, HARDIN COLEMAN, LORNA RIVERA, JERI ROBINSON, QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASELLIUS<br><br>Defendants. | Civil Action No. 1:21-cv-10330-WGY |

**MOTION BY THE BOSTON BRANCH OF THE NAACP, GREATER BOSTON LATINO NETWORK, ASIAN PACIFIC ISLANDER CIVIC ACTION NETWORK, ASIAN AMERICAN RESOURCE WORKSHOP, MAIRENY PIMENTEL, AND H.D. FOR LEAVE TO INTERVENE AS DEFENDANTS**

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure, the NAACP – Boston Branch, the Greater Boston Latino Network, Maireny Pimental, and H.D. (hereinafter "Proposed Intervenors") respectfully request leave to intervene as defendants in the above-captioned action. In support of their Motion, the Proposed Intervenors submit the accompanying Memorandum in Support of Motion for Leave to Intervene, and, incorporated by reference, Exhibits A through H. Specifically, as detailed more fully in their Memorandum, the Proposed Intervenors respectfully request to intervene in this matter for the following reasons: a) the request to intervene is timely because a response has not yet been filed to the Complaint; b) the Proposed Intervenors will be prejudiced by the impact of an adverse decision; and c) the current parties lack the ability to advocate for the interests of the Proposed Intervenors and the diverse communities they

represent. Moreover, the Proposed Intervenors can provide necessary background, context, and applicable legal arguments related to the constitutionality of the temporary remedial admissions criteria sought to be used for three highly selective public schools within the Boston Public Schools. Accordingly, the Proposed Intervenors respectfully request that the Court grant their request to intervene in this matter.

The Proposed Intervenors also respectfully request that the Court waive Federal Rule of Civil Procedure 24(c), requiring that the Proposed Intervenors serve an answer, or other pleading, concurrently with this Motion. *See, e.g.*, *American Waterways Operator v. United States Coast Guard*, 1:18-cv-12070-DJC, ECF No. 51, (D. Mass. July 10, 2019) (granting identical relief); *see also Windsor v. United States*, 797 F. Supp. 2d 320, 325-26 (S.D.N.Y. 2011); *Peaje Invs. LLC v. García-Padilla*, 845 F.3d 505, 516 n.7 (1st Cir. 2017). If the Court allows this Motion but does not waive other requirements of Rule 24(c), the Proposed Intervenors respectfully request an opportunity to file an answer, or other responsive pleading, to the Complaint within five business days of the allowance of this Motion. Of critical importance, the Proposed Intervenors intend to challenge Plaintiff's standing to bring such a Complaint because, at a minimum, Plaintiff has suffered no injury resulting from the proposed plan, and Plaintiff's Complaint fails to address the irreparable harm it has suffered and the connection of the harm to the temporary remedial admissions criteria sought to be used for the three highly selective public schools. The failure to include these critical elements is grounds for dismissal of the complaint. *See, e.g.*, *Coggeshall v. Mass. Bd. of Reg. of Psychologists*, 604 F.3d 658**,** 666-67 (1st Cir. 2010) (affirming district court's determination that a plaintiff lacked standing where he "suffered no legally cognizable injury as a result of" the defendant's actions); *see also Tyler v. Michaels Stores, Inc.*, 840 F. Supp. 2d 438, 449 n.8 (D. Mass. 2012) (Young, J.).

WHEREFORE, the Proposed Intervenors respectfully request that this Court grant their Motion, permit the Proposed Intervenors to intervene as defendants, and allow them to file a response to Plaintiff's Complaint. Alternatively, if the Court finds that the elements of Rule 24(a) have not been met, the Proposed Intervenors request permission to intervene pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. The Proposed Intervenors respectfully request an opportunity to be heard at the Status Conference scheduled on March 3, 2021, at 10 a.m., or at a more convenient time set by this Court.

Respectfully submitted,

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE BOSTON BRANCH AND OTHER PROPOSED INTERVENORS

By their attorneys,

/s/ *Doreen Rachal*
Doreen M. Rachal (BBO# 667837)
SIDLEY AUSTIN LLP
60 State Street, 36th floor
Boston, Massachusetts 02109
Tel: (617) 223-0300
drachal@sidley.com

/s/ Lauren Sampson
Lauren Sampson (BBO #704319)
Janelle Dempsey (BBO #699379)
Oren Sellstrom (BBO #569045)
Lawyers for Civil Rights
61 Batterymarch Street, Fifth Floor
Boston, MA 02110
lsampson@lawyersforcivilrights.org
617-988-0609

Dated: March 2, 2021

/s/*Bethany Li*  
Bethany Li (BBO #673383)  
Alex Milvae (BBO #705668)  
Jodie Ng, Law Student Intern  
Greater Boston Legal Services  
197 Friend Street  
Boston, MA 02114  
bli@gbls.org  
617-603-1532  

### CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The undersigned counsel for the Proposed Intervenors certify that they have conferred with counsel for Plaintiff and Defendants by telephone on March 2, 2021, to narrow or resolve the issues raised in the motion, specifically the Proposed Intervenors' request to intervene in this matter.

Dated: March 2, 2021

/s/ *Doreen Rachal*  
Doreen M. Rachal (BBO# 667837)  
drachal@sidley.com  

### CERTIFICATE OF SERVICE

I, Doreen M. Rachal, hereby certify that a true and accurate copy of this document, which was filed via the Court ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2021.

Dated: March 2, 2021

/s/Doreen Rachal  
Doreen M. Rachal (BBO# 667837)  
drachal@sidley.com