# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP.<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>THE SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEIL, HARDIN COLEMAN,<br>LORNA RIVERA,<br>JERI ROBINSON,<br>QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASSELLIUS<br><br>　　　　　　　Defendants. | Civil Action No. 1:21-cv-10330-WGY |

## PROPOSED INTERVENOR'S MEMORANDUM OF LAW IN SUPPORT OF PROPOSED INTERVENOR'S MOTION TO PROCEED PSEUDONYMOUSLY

### INTRODUCTION

Proposed Intervenor H.D. ("H.D." or "Intervenor") seeks authorization to proceed under a pseudonym in the above-captioned matter. Intervenor is a minor child who resides in Dorchester, Massachusetts. H.D. is enrolled in the Boston Public School system as a sixth grader in the Richard J. Murphy School. Declaration of H.D. ¶ 5. H.D. fears that if they are publicly identified, they and their family will face retaliation and become a target in Dorchester's close-knit Asian American community. For these reasons and the reasons set forth below, Intervenor seeks leave to intervene in this matter under a pseudonym.[1]

---

[1] The reasons for H.D. seeking leave to intervene in this action are explained in the accompanying Memorandum in Support of the Proposed Intervenors' Motion to Intervene, filed contemporaneously herewith.

1

**LEGAL STANDARD**

Generally, "it is within a court's discretion to allow a plaintiff to proceed anonymously." *Doe v. Smith*, C.A. No. 18-12266-PBS, 2018 U.S. Dist. LEXIS 188585, at *2 (D. Mass. Nov. 5, 2018). "The test for determining whether a plaintiff may proceed anonymously is whether there is a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (internal quotation marks omitted). A movant may rebut the presumption of openness in judicial proceedings by showing that a need for confidentiality exists, after which the court balances that need against the public interest in disclosure. *Doe v. Bell Atlantic Bus. Sys. Servs.*, 162 F.R.D. 418, 420 (D. Mass. 1995). Fear of reprisal that could chill intervenors' willingness to seek redress for violations of their rights is a circumstance militating in favor of allowing intervenors to use pseudonyms. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1073 (9th Cir. 2000).

**ARGUMENT**

Three considerations warrant in favor of permitting H.D. to proceed pseudonymously: (1) Intervenor has a heightened need for confidentiality in light of their age; (2) little public interest exists in disclosure of the identity of an 11-year-old during the pendency of this litigation; and (3) no prejudice will result to the existing parties from the nondisclosure of Intervenor's identity. Accordingly, this Court should permit Intervenor to proceed pseudonymously.

First, Intervenor has a strong need for confidentiality in light of their specific circumstances. H.D. is only 11 years old. Courts have allowed movants to proceed anonymously where the rights of children are implicated. *See Hunter ex rel. Hunter v. Barnstable Sch. Comm.*, 456 F. Supp. 2d 255, 266 n.1 (D. Mass. 2006); *Parents of Danielle v. Mass. Dept. of Educ.*, 430 F. Supp. 2d 3 (D. Mass. 2006) (names of parents and child not disclosed in action seeking review of

decision by Bureau of Special Education Appeals regarding adequacy of child's individualized education plan). Here, because H.D. is a minor, and their rights are implicated in the current matter, using a pseudonym is necessary and appropriate.

Additionally, H.D. has compelling privacy interests justified by potential stigmatization and reprisal for taking a stance on a high-profile issue within Dorchester's tight-knit Asian American community. As a middle schooler, H.D. is at particularly vulnerable age when children are impressionable, easily influenced, and ready to bully at even a slight perception of difference. Even language barriers at this age create situations in which Asian American students are harassed and bullied without the protection that schools and adults should offer. *See*, *e.g.* Sarah Hoye, *Racial Violence Spurred Asian Students to Take a Stand*, CNN (2010), *available at* http://www.cnn.com/2010/LIVING/10/22/philly.school.asian.american.attacks/index.html (describing violent attacks directed at Asian American high school students on school grounds within culture of inadequate responses by school staff despite ongoing harassment and violence).

The concerns for H.D. at such a young age greatly outweigh the customary presumption of judicial openness. *See Bell Atlantic Bus. Sys. Servs.*, 162 F.R.D. at 420 ("Cases in which parties are allowed to proceed anonymously because of privacy interests often involve 'abortion, mental illness, personal safety, homosexuality, transsexuality and illegitimate or abandoned children in welfare cases."). The disclosure of H.D.'s identity in this case increases the risk of social stigmatization, safety concerns, and isolation – the lasting repercussions of which would likely be exacerbated by H.D.'s young age and relative vulnerability. This risk is heightened because H.D. lives in a small, tightly connected community where disclosure of their identity would cause ripples throughout all aspects of their life. The potential stigmatization extends not only to H.D. but also to their parent in both social and employment networks, as well as their younger sibling

within their own educational and social settings. *Bell Atlantic Bus. Sys. Servs.*, 162 F.R.D. at 420 ("Courts have allowed plaintiffs to proceed anonymously in cases involving social stigmatization[.]"). As one court has explained:

> [W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of his rights.

*EW v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y. 2003) (citation omitted).

Second, there is little public interest in the identification of H.D. Although Intervenor's rights are at stake in this litigation, the Court's decision will impact a large class of students of which H.D. is one. The personal identification of H.D. is irrelevant and unnecessary to evaluate or adjudicate the issues in the case.

Third, the parties suffer no prejudice or unfairness if this Court allows Intervenor to proceed pseudonymously. Plaintiff challenges a local school committee action on wholly legal grounds based upon the administrative record. Plaintiff does not need Intervenor's identity to litigate this case, particularly prior to a decision on Plaintiff's motion for preliminary injunctive relief. As explained more fully in the Memorandum in Support of the Motion to Intervene, H.D.'s involvement in this litigation is essential for the Court's comprehensive understanding of the issues presented, and Intervenor's rights are impacted by the Court's resolution of this matter.

## **CONCLUSION**

For the foregoing reasons, Intervenor respectfully request that this Court grant their motion permitting them to proceed pseudonymously in this civil action.

                                        Respectfully submitted,
                                        PROPOSED INTERVENOR H.D.

By their attorneys,

/s/ *Doreen Rachal*
Doreen M. Rachal (BBO# 667837)
SIDLEY AUSTIN LLP
60 State Street, 36th floor
Boston, Massachusetts 02109
Tel: (617) 223-0300
drachal@sidley.com



/s/ *Lauren Sampson*
Lauren Sampson (BBO #704319)
Janelle Dempsey (BBO #699379)
Oren Sellstrom (BBO #569045)
Lawyers for Civil Rights
61 Batterymarch Street, Fifth Floor
Boston, MA 02110
lsampson@lawyersforcivilrights.org
617-988-0609


/s/*Bethany Li*
Bethany Li (BBO #673383)
Alex Milvae (BBO #705668)
Jodie Ng, Law Student Intern
Greater Boston Legal Services
197 Friend Street
Boston, MA 02114
bli@gbls.org
617-603-1532

Dated: March 2, 2021

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)

The undersigned counsel for the Proposed Intervenors certify that they have conferred with counsel for Plaintiff and Defendants by telephone on March 2, 2021, to narrow or resolve the issues raised in the motion, specifically the Proposed Intervenors' request to intervene in this matter.

Dated: March 2, 2021

/s/ *Doreen Rachal*
Doreen M. Rachal (BBO# 667837)
drachal@sidley.com

## CERTIFICATE OF SERVICE

I, Doreen M. Rachal, hereby certify that a true and accurate copy of this document, which was filed via the Court ECF system, will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 2, 2021.

Dated: March 2, 2021

/s/ *Doreen Rachal*
Doreen M. Rachal (BBO# 667837)
drachal@sidley.com