UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP.,<br><br>**Plaintiff,**<br><br>v.<br><br>THE SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEIL, HARDIN COLEMAN, LORNA RIVERA, JERI ROBINSON, QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASSELLIUS,<br><br>**Defendants**<br><br>and<br><br>THE BOSTON BRANCH OF THE NAACP, THE GREATER BOSTON LATINO NETWORK, ASIAN PACIFIC ISLANDER CIVIC ACTION NETWORK, ASIAN AMERICAN RESOURCE WORKSHOP, MAIRENY PIMENTAL, and H.D.,<br><br>**Defendants-Intervenors.** | Civil Action No. 1:21-cv-10330-WGY |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S MOTION TO STRIKE**

Plaintiff Boston Parent Coalition for Academic Excellence ("Boston Parents"), by counsel, submits this Memorandum in support of its Motion to Strike from the record the 35-page "Proposed Findings of Fact and Conclusions of Law" filed by Defendants on April 2, 2021 (Doc. 77).

The rules governing the submission of materials to this Court are clear. Under Local Rule 7.1(b)(4), legal memoranda are limited to 20 pages unless leave of court is obtained. This

114903837v1

Court has already once enforced that strict page limit when it denied Boston Parents leave to file a brief in excess of 20 pages. Moreover, all papers other than affidavits and legal memoranda submitted in support of a motion – which includes the Proposed Findings here – "may be submitted only with leave of court." Local Rule 7.1(b)(3). Defendants have violated these rules.

## INTRODUCTION

On April 2, 2021, Defendants filed two papers in this case: a 20-page memorandum of law (Doc. 76), and a 35-page "Proposed Findings of Fact and Conclusions of Law" (the "Proposed Findings") (Doc 77). The Proposed Findings contain 95 paragraphs Defendants have described as "Findings of Fact" and another 33 paragraphs described as "Conclusions of Law". Defendants also use the two-sentence "Factual Background" of their memorandum of law to incorporate by reference their Proposed Findings in their entirety, thereby presenting the Court with 55-pages' worth of written argument.

Defendants did not seek leave of court for such an enlarged filing, nor did they give Plaintiff any notice of their intention. Their maneuver violates the Local Rules, and the Proposed Findings should be stricken, especially given the particular circumstances of this case.

**I.  In filing the Proposed Findings, Defendants attempt to circumvent the 20-page limit on briefs – which this Court already enforced against Plaintiff – and violates Local Rule 7.1(b)(4).**

During the March 16, 2021, status conference, Defendants made certain representations regarding their April 15 decision date for invitations to the Exam Schools. In response, the Court placed the Parties on a tight briefing schedule: Plaintiff had seven days to file its memorandum (due March 23); Defendants and the Intervenors then had ten days to file their oppositions (due April 2), and argument was set for the morning of April 6. In setting this schedule – which, as Plaintiff noted, did not leave much time for it to file reply briefs – the Court reminded the Parties

that it, too, required time to review the papers and arguments in rendering a decision.

In preparing their memorandum, Plaintiff found that, as drafted, it would exceed the 20-page limit imposed by Local Rule 7.1(b)(4).  Accordingly, counsel conferred with counsel for Defendants and the Intervenors, obtained their assent, and filed a motion to exceed the page limit.  Doc. 58.  When the motion was denied (Doc. 60), Plaintiff cut its memorandum down to the proscribed twenty pages.  Doc. 63.  This ruling also put the Defendants on notice that the Court would not permit briefs in excess of the 20-page limit set by the local rules.  But, rather than abide by the Court's notice, Defendants set about to circumvent it by separately filing a 20-page brief and the 35-page purported  Proposed Findings.

## II. Defendants' Proposed Findings improperly seek to recast and displace the extensive Agreed Statement of Facts the Parties carefully negotiated and to which they all stipulated, at the Court's direction.

Defendants' Proposed Findings are also inappropriate because the Parties, pursuant to this Court's clear direction, have already spent considerable time and effort agreeing on a 70-paragraph Agreed Statement of Facts, which was accompanied by over 1,850 pages of agreed upon Exhibits.  *See* Docs. 38-75.  To the extent that Defendants' Proposed Findings may reiterate what is contained in the Agreed Statement of Facts, it is needlessly duplicative.  To the extent that the Proposed Findings stray from the Agreed Statement of Facts or exhibits, it is contrary to the procedures the Court established, and it violates the Parties' agreement to proceed on that agreed upon record on April 6.

Moreover, as previously noted, the timing of Defendants' filing leaves Plaintiff precious little time to respond to it.  Given the agreed upon schedule, Plaintiff had only a holiday weekend and one business day to reply to both of the memoranda submitted by Defendants and Intervenors (who also filed a 20-page brief on Friday afternoon), to review and address the *amici*

briefs also filed April 2, and to prepare for oral argument on April 6.  Counsel is not in a position to also review, much less adequately respond to, almost 130 additional paragraphs of factual and legal arguments.  The Proposed Findings needlessly increase the effort and expense required of Plaintiff at a time when time is particularly short.

**III.   Striking Defendants' Proposed Findings is an appropriate remedy.**

"District courts 'enjoy broad latitude' in administering and enforcing local rules." *In re Intuniv Antitrust Litig. (Both Direct & Indirect Cases)*, No. 1:16-CV-12396-ADB, 2020 WL 5045148, at *2 (D. Mass. Aug. 26, 2020) (quoting *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 6 (1st Cir. 2002) (internal citation omitted)).  Courts routinely strike additional filings offered in violation of local rules, particularly where, as here, the submission amounts to additional argument not previously permitted by the Court.  *See, e.g., U.S. v. Tsarnaev*, No. CRIM. 13-10200-GAO, 2015 WL 45879, at *1 (D. Mass. Jan. 2, 2015) (granting, pursuant to Local Rule 7.1(b)(3), government motion to strike the defendant's inappropriately filed materials, which contained further briefing and argument); *Sony BMG Music Ent. v. Tenenbaum*, No. CIV.A. 07-11446-RWZ, 2012 WL 3639053, at *6 (D. Mass. Aug. 23, 2012), *aff'd*, 719 F.3d 67 (1st Cir. 2013) (striking defendants' submission because it violated the Local Rules and "because defendant has had ample opportunity for briefing and argument on the issue").  The Court should likewise decline to consider Defendants' Proposed Findings because it impermissibly seeks to supplement the record.  *See, e.g., Krua v. Sirleaf*, No. CV 18-10574-DJC, 2019 WL 1936733, at *7 (D. Mass. May 1, 2019) ("Court declines to consider the substance of them to the extent that they seek to supplement the record" where "letter and motions are essentially untimely additional filings opposing the motion" and were "submitted without leave of the court" in violation of Local Rule 7.1(b)(3)).

114903837v1

Striking Defendants' filing is the only fair result here. While Plaintiff has not had the opportunity to review the Proposed Findings in detail, it is clear that the filing contains both factual and legal argument. It may also contain unilateral additions to the previously-agreed record. To the extent that the Proposed Findings comprise additional arguments on the facts or law, the Court should strike them. To the extent that the Proposed Findings comprise an attempted supplementation of the record, the Court should disregard them. And, to the extent the Proposed Findings contain mere restatements of the Agreed Statement of Facts, then the Court should rely upon the actual Agreed Statement of Facts.[1]

Wherefore, the Boston Parents respectfully request that this Court strike and disregard Defendants' "Proposed Findings of Fact and Conclusions of Law" (Doc. 77).

Dated: April 5, 2021

Respectfully submitted:

    */s/ Callan G. Stein*
Callan G. Stein (BBO # 670569)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

William H. Hurd (Va. Bar # 16967) (*pro hac vice*)
Christopher W. Carlson, Jr. (Va. Bar # 93043) (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1490
william.hurd@troutman.com
chris.carlson@troutman.com

Mary Grace W. Metcalfe (N.Y. Bar #5377932) (*pro hac vice*)
TROUTMAN PEPPER HAMILTON SANDERS LLP

---

[1] However, should this Court decline to strike and disregard the Proposed Findings, at the absolute least it should grant Plaintiff the opportunity to respond to the Proposed Findings, after the hearing scheduled for April 6.

114903837v1

>875 Third Avenue
>New York, NY 10022
>Telephone: (212) 704-6000
>marygrace.metcalfe@troutman.com
>
>*Counsel for Plaintiff*

## Certificate of Service

I, Callan G. Stein, certify that the foregoing document was filed this date via the Court's CM/ECF filing system and will be sent electronically to the registered participants in this action.

>    */s/ Callan G. Stein*

114903837v1