# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS
# BOSTON DIVISION

| | |
|---|---|
| **BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THE SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEILL, HARDIN COLEMAN, LORNA RIVERA, JERI ROBINSON, QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASSELLIUS,**<br><br>**Defendants,**<br><br>and<br><br>**THE BOSTON BRANCH OF THE NAACP, THE GREATER BOSTON LATINO NETWORK, ASIAN PACIFIC ISLANDER CIVIC ACTION NETWORK, ASIAN AMERICAN RESOURCE WORKSHOP, MAIRENY PIMENTAL, and H.D.,**<br><br>**Defendants-Intervenors.** | **Civil Action No. 1:21-cv-10330-WGY** |

**PARTIALLY ASSENTED TO MOTION TO EXCEED PAGE LIMIT
WITH REGARD TO FURTHER BRIEFING ORDERED BY THE COURT**

Callan G. Stein (BBO # 670569)
Mary Grace W. Metcalfe (N.Y. Bar #5377932)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com
marygrace.metcalfe@troutman.com
Admitted *pro hac vice*

William H. Hurd (Va. Bar # 16967)
Christopher W. Carlson, Jr. (Va. Bar # 93043)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, VA 23219
Telephone: (804) 697-1335
william.hurd@troutman.com
chris.carlson@troutman.com
Admitted *pro hac vice*

*Counsel for Plaintiff*

118376325v4

Plaintiff Boston Parent Coalition for Academic Excellence Corp. (the "Boston Parents") respectfully request an order from this Court granting it leave, pursuant to Local Rule 7.1(b)(4), to file a Memorandum pursuant to this Court's Order dated July 9, 2021 exceeding the 20-page limit provided in the rule by five pages (for a total of 25 pages).

In support thereof, the Boston Parents aver as follows:

1. On June 22, 2021, the Boston Parents filed their motion seeking relief from the judgment entered by this Court on April 15, 2021 (the "Judgment") pursuant to Federal Rule of Civil Procedure 60(b) (the "60(b) Motion"). Doc. 113. On July 6, 2021, Defendants and Intervenors opposed the Rule 60(b) Motion. Docs. 117 and 118. Defendants' opposition memorandum was accompanied by over 100 pages of affidavits and exhibits. Docs. 118-1 – 118-4. The Boston Parents filed a reply on July 8, 2021. Doc. 119.

2. On July 9, 2021, this Court held a hearing (the "Hearing") on the 60(b) Motion. During the Hearing, the Court withdrew the Opinion that accompanied its Judgment but did not rule on the 60(b) Motion. Instead, the Court identified three separate subjects on which it sought additional briefing from the Parties, namely:

    a. the conduct of Defendants' counsel, both those employed by the City ("In-House Counsel") and those retained after the commencement of this action ("Outside Counsel");

    b. in light of the facts now known to the Parties, how this Court should treat its declaratory judgment and what relief is appropriate under Rule 60(b); and

    c. whether the Boston Parents would have standing to pursue the action further, should the Court reopen the case pursuant to Rule 60(b).

Hearing Transcript, 27-28.

3. The Boston Parents take seriously their responsibility to address fully each of the three areas identified by the Court. Doing so requires that the Boston Parents address not only the hundred pages of affidavit testimony and exhibits submitted by both In-House and Outside Counsel, but also the explanations and representations that Outside Counsel presented to the Court during the Hearing. The analysis of this testimony, supporting evidence, and explanation – together with the legal analysis addressing both the attorneys' conduct and the application of Rule 60(b) – requires significant space, especially since the Boston Parents will need to contrast several passages of affidavit testimony with excerpts from the hearing transcript.

4. The Boston Parents similarly take seriously the need to address the Court's concerns regarding standing should the Rule 60(b) Motion be granted and the matter reopened. A fulsome response to those concerns requires the Boston Parents to address, among other things, each of the three elements of standing as identified in applicable case law. Such an endeavor, when added to the other issues that must be addressed, easily exceeds the 20-page limit that ordinarily applies to briefs in this Court.

5. Given the complexity of the claims at issue, the Boston Parents request that the Court permit five additional pages to allow the Boston Parents to develop their arguments fully. The Boston Parents believe that the additional pages – which will allow the Boston Parents to include the block quotations and transcript excerpts in the body of their brief – will assist the Court in analyzing and resolving the issues on which it requested further briefing.

6. Prior to filing this motion, counsel for the Boston Parents requested the assent of counsel for Defendants and Intervenors. Counsel for Intervenors has consented, while there has been no response from Defendants' counsel.

7. The Boston Parents recognize that the Defendants and Intervenors are almost certainly facing the same challenges. The Boston Parents, therefore, do not oppose the granting of an additional five pages to each Party.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order granting its request for leave to file a brief not in excess of 25 pages.

Dated: August 5, 2021

Respectfully submitted:

/s/ Callan G. Stein
Callan G. Stein (BBO # 670569)
TROUTMAN PEPPER HAMILTON SANDERS LLP
125 High Street
Boston, MA 02110
Telephone: (617) 204-5100
callan.stein@troutman.com

William H. Hurd (Va. Bar # 16967)
Christopher W. Carlson, Jr. (Va. Bar # 93043)
TROUTMAN PEPPER HAMILTON SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1490
william.hurd@troutman.com
chris.carlson@troutman.com

Admitted *pro hac vice*

Mary Grace W. Metcalfe (N.Y. Bar #5377932)
TROUTMAN PEPPER HAMILTON SANDERS LLP
875 Third Avenue
New York, NY 10022
Telephone: (212) 704-6000
marygrace.metcalfe@troutman.com

Admitted *pro hac vice*

*Counsel for Plaintiff*

4

**<u>Certificate of Service</u>**

I, Callan G. Stein, certify that the foregoing document was filed this date via the Court's CM/ECF filing system and will be sent electronically to the registered participants in this action.

                                                            */s/ Callan G. Stein*