UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP., <br><br> Plaintiff, <br><br> v. <br><br> SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEIL, HARDIN COLEMAN, LORNA RIVERA, JERI ROBINSON, QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASSELLIUS, <br><br> Defendants, <br><br> THE BOSTON BRANCH OF THE NAACP, THE GREATER BOSTON LATINO NETWORK, ASIAN PACIFIC ISLANDER CIVIC ACTION NETWORK, ASIAN AMERICAN RESOURCE WORKSHOP, MAIRENY PIMENTAL, and H.D., <br><br> BPS-Intervenors. | Civil Action No. 1:21-cv-10330-WGY |

Affidavit of Kay H. Hodge Regarding Text Messages

Kay H. Hodge, on oath, deposes and says:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and was admitted to the bar on December 14, 1972. I am a member of the bar of this Court and of the United States Court of Appeals for the First Circuit. I am also admitted to the United States District Court for Colorado; District of Columbia Circuit Court of Appeals and United States

Supreme Court. I am a graduate of Boston University (B.A. (1969)) and Boston University School of Law (J.D. (1972) and Master of Law in Tax (1977)).

2. Additional information about my education, career and activities is contained in my summary resume, a copy of which is attached as Exhibit 1.

3. The facts stated herein are based on my personal knowledge and on the contents of the documents included in the record of the case and the documents attached hereto.

4. I am lead outside trial counsel for the School Committee of the City of Boston and the other named defendants in this action (collectively referred to as "BPS"). I am assisted by my law partner, John M. Simon, and by the Legal Advisor for the Boston Public Schools, Catherine A. Lizotte. I was retained to represent the BPS on or about February 27, 2021, the day after the Complaint (Case 1:21-cv-10330 (ECF No. 1)) was filed. I appeared on behalf of the defendants at the four hearings that were held before the Court (March 3, 2021, March 16, 2021, April 6, 2021, and July 9, 2021).

5. Prior to my retention to represent BPS in this case, I had been asked to advise the city on certain aspects of the law regarding equal protection in the context of interim changes due to the Coronavirus pandemic to the admissions procedures being implemented for the BPS Exam Schools.

6. The issue currently before the Court concerns statements that appeared in text messages that were exchanged between two members of the School Committee during the October 21-22, 2020 meeting at which the interim school admissions plan was approved. Text messages were the subject of two public records requests from The Boston Globe (the "Globe") and from Darragh Murphy, a Boston resident. After June 7, 2021, I became aware that BPS omitted certain text messages when it responded to the public record requests for text messages.

I had no knowledge of, or involvement in, reviewing or responding to the public records requests involving the School Committee meeting and the Interim Exam School Admissions process.

7. At a March 3 hearing, the Court placed the case on an expedited schedule and directed that the plaintiff's request for a preliminary injunction and the merits be combined and that no discovery should occur in the case prior to a hearing on March 16. The Court urged the parties to agree on a statement of agreed facts to be filed on Monday, March 15, 2021 or identify the evidentiary issues and treat the hearing scheduled for March 16, 2021 as a final pretrial conference. Exhibit 2 (ECF No. 27).

8. The parties began to put together and negotiate the contents of a Joint Agreed Statement of Facts ("Agreed Statement"). Attorney Callan Stein, on behalf of the plaintiffs, sent me and others involved in the case a preliminary index of proposed documents to be submitted to the Court in support of the Agreed Statement. The documents were deposited into a Workshare folder on March 6, 2021. Exhibit 3 (email and proposed exhibits). On March 10, 2021, attorney Stein sent me a proposed draft of an Agreed Statement. Exhibit 4 (email and Plaintiffs' draft Agreed Statement without exhibits). Neither the documents shared by attorney Stein on March 6 nor the draft Agreed Statement submitted to me on March 10 attached, or made any reference to, text messages.

9. The Agreed Statement was due to be filed on Monday, March 15, 2021. On Friday, March 12 at 1:59 PM, I sent the BPS's draft Agreed Statement to attorney Stein. It included a paragraph (¶26) describing the School Committee meeting on October 21 and 22, 2020, at which the interim plan was approved. Exhibit 5 (email and BPS draft Agreed Statement without exhibits). There was no reference to text messages.

- 3 -

10. I received from attorney Stein a revised draft on Friday evening, March 12, 2021 at 9:42 PM. Exhibit 6 (email and 2 of 3 attachments). His draft contained additional language and included three additional documents, two of which were transcriptions of text messages. The relevant two paragraphs added by Attorney Stein (¶¶ 49 and 50) read as follows:

> 49. A true and accurate transcription of text messages between Boston School Committee members, Vice-Chairperson Alexandra Oliver-Davila and Lorna Rivera during the October 21, 2020 Boston School Committee meeting is attached as Document 26.
> 50. A true and accurate transcription of text messages between Boston School Committee Member, Vice-Chairperson, Alexandra Oliver-Davila and Superintendent Brenda Cassellius during the October 21, 2020 Boston School Committee meeting is attached as Document 27.

Exhibit 6 (Documents 26 and 27 attachments to email.). The above statements and the two exhibits remained in future drafts of the Agreed Statement and were included in the final Agreed Statement, although the number of the paragraphs and the exhibits changed.

11. Attorney Stein added the following statement to the plaintiff's proposed draft of the Agreed statement as follows: "WE NEED TO STIPULATE TO DOCUMENTS AS TO THEIR AUTHENTICITY AND NOT JUST AS CITATIONS TO SUPPORT SPECIFIC STATEMENTS." Exhibit 6 at Agreed Statement 15. Prior to receiving the two pages of text messages from attorney Stein, I had no knowledge of text messages nor had I ever seen the two attached exhibits or their contents.

12. I forwarded attorney Stein's email and his attachments to the BPS Legal Advisor Catherine Lizotte for her review and asked her about Exhibits 26 and 27, the text messages that were proposed as exhibits by attorney Stein. On Saturday morning, March 13, 2021, attorney Lizotte emailed me that a transcription of text messages was provided to The Boston Globe in response to a public records request. Exhibit 7A. I did not see the response to the Globe or the

transcription of text messages until after June 16, 2021, however, for the Court's information the BPS's response to the Globe is provided as Exhibit 7B.

13. I had worked cooperatively with attorney Stein and I relied on his statement in his draft Agreed Statement that the exhibits he attached to the draft Agreed Statement as Exhibits 26 and 27 were "true and accurate." I had no reason to believe otherwise.

14. On March 15, 2021, the final Joint Agreed Statement was filed. Exhibit 8A (ECF Nos. 37). In the final Agreed Statement, the two paragraphs (49 and 50 in Exhibit 6) were renumbered to paragraphs 67 and 68 (Exhibit 8A at 18), and the two exhibits (26 and 27 in Exhibit 6) were renumbered as Exhibits 72 and 73 (ECF Nos. 38-72 and 38-73). Exhibit 8B. The Intervenors noted their objection to these paragraphs in the Agreed Statement.

15. The hearing on the request for a preliminary injunction and the merits was held on April 6, 2021. The Court issued its lengthy opinion (ECF No. 104) upholding the interim plan and judgment entered (ECF No. 105) on April 15, 2021.

16. The Plaintiff filed a Notice of Appeal (ECF No. 106) on April 15, 2021 and sought a preliminary injunction from the Court of Appeals.

17. The First Circuit denied the injunction in an opinion and order (ECF Nos. 110 and 111) dated April 28, 2021.

18. On Monday, June 7, 2021, the Globe published an article regarding text messages that had been exchanged during the October 21-22 School Committee meeting. I cannot recall exactly when I read the published article. I called attorney Lizotte about the published text messages on June 8. She said she was aware of the Globe article. There was no substantive discussion of the omitted texts or the process that was followed when the transcriptions were first provided in response to the public record requests. Since I was not involved in responding to the

public records requests, I did not know anything about the circumstances that existed at the time the original transcriptions were provided to the Globe or the thinking behind the City's responses, it did not occur to me that I had done anything wrong in signing and filing the Agreed Statement, and I certainly never thought I had misled the Court. It did not occur to me that I needed to bring the issue to the attention of the District Court.

19. A week later, on June 16, 2021, attorney Stein emailed John Simon and me about the text messages that were published in the Globe. He said they were "responsive to our client's FOIA request [and]were withheld by the City of Boston." Exhibit 9 (email and attachment of 3/9/2021 response to Darragh Murphy with 8 page text transcriptions). Prior to attorney Stein's email, I did not know about any connection between the plaintiff and Darragh Murphy. However, based on attorney Stein's email, we (John Simon and I) learned that Darragh Murphy was associated with the plaintiff.

20. Attached to attorney Stein's June 16, 2021 email was the public records response provided to Darragh Murphy dated March 9, 2021 along with an eight (8) page document entitled "Transcription of Text Messages Responsive to Public Records Request (R000876-102720)." The response carried the same public record request number "R000876-102720" as the public record request made by the Globe on October 22, 2020. Exhibit 9 (attachments). It was the first time I saw the eight (8) page transcription that had been provided to the Globe and later to Darragh Murphy. I forwarded attorney Stein's email, along with the attachment, to attorney Lizotte.

21. The content of Exhibits 72 and 73 attached to the Agreed Statement (Exhibit 8B) appears to be a very brief excerpt taken, word for word, from the eight (8) pages provided in response to public record requests from the Globe and Darragh Murphy, albeit in what appears to

be a different type face and formatted with new headers/titles on each page. The title on both Exhibits 72 and 73 is "Transcription of October 21, 2020 Text Messages" is different from the title of the eight (8) pages provided to the Globe and Darragh Murphy. Compare Exhibit 6 at (exhibits 26 and 27) with Exhibit 7B and 9. I assume that Exhibits 72 and 73 were prepared by attorney Stein or someone in his office from the transcriptions provided to Darragh Murphy. I had no involvement in preparing the exhibits.

22. On June 18, 2021, I sent attorney Stein an email explaining that Darragh Murphy was provided the documents previously provided to another requestor (the Globe), that there was "no decision to withhold or otherwise cover up any text messages responsive to the request" and that "any suggestion of nefarious or bad motive is without any foundation." Exhibit 10.

23. Attorney Stein responded that day that the plaintiff was planning to raise the issue with the Court and would seek relief under Rule 60. Exhibit 11. I understand that the City provided all of the text message screenshots to Darragh Murphy and the Globe on June 18.

24. As I said above, I never thought that, by signing the Agreed Statement and filing it with the Court, I had made any false statement to the Court. Even when I learned from the Globe article that some text messages from the School Committee members' mobile telephones had not been provided to the Globe or Darragh Murphy, I did not think I had misled the Court or that I was trying to conceal any information from the Court. I knew that, as part of my client's response to the Rule 60(b) motion, the issue would be brought before the Court.

25. The twelve days between June 7, when The Boston Globe published the omitted text messages, and June 18, when the plaintiff informed me that they were planning to raise the issue with the Court, were very busy for me. I was engaged in several substantial matters, in addition to the instant case. As set forth in the request for a postponement of the hearing before the

District Court (ECF No. 115), John Simon and I were preparing for a jury trial before Judge Stearns in <u>Payne-Callender v. City of Boston Police Department and Gavin</u>, 19-cv-11286 (RGS) that was scheduled to begin on July 13, 2021. In particular, we were negotiating with other parties and preparing documents required to be filed by June 29, 2021, including motions in limine, jury instructions, voir dire questions, joint list of exhibits, witness lists, stipulated or admitted facts, etc. Exhibit 12.

26. At the same time, I was involved in several other complicated matters including two major employment related investigations, a union organizing petition, civil service promotional examination, and a number of other issues related to various employee situations. While I always have had a busy practice, June 2021 was exceptionally busy for me. I do not mention my busy schedule to suggest that I failed in my responsibilities to the Court or to my clients because of my schedule, but only to add another factor to the other unusual circumstances surrounding the production and use of the text messages in question.

27. I am shaken and concerned by the thought that the Court may think that I misled the Court or tried to conceal any information and I am sorry that the Court may have that impression.

Signed under pains and penalties of perjury this 9th day of August, 2021.

Kay H. Hodge

01084288.docx.v1-8/5/21