EXHIBIT A

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP., )<br><br>Plaintiff, )<br><br>v. )<br><br>SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEIL, HARDIN COLEMAN, LORNA RIVERA, JERI ROBINSON, QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASSELLIUS, )<br><br>Defendants, )<br><br>THE BOSTON BRANCH OF THE NAACP, THE GREATER BOSTON LATINO NETWORK, ASIAN PACIFIC ISLANDER CIVIC ACTION NETWORK, ASIAN AMERICAN RESOURCE WORKSHOP, MAIRENY PIMENTAL, and H.D., )<br><br>Defendants-Intervenors. ) | CIVIL ACTION NO. 1:21-cv-10330-WGY |

## SUPPLEMENTAL AFFIDAVIT OF SHAWN WILLIAMS

I, Shawn Williams, hereby depose and state the following:

***Background***

1.       I am the Director of Public Records and the Records Access Officer (the "RAO")

for the City of Boston ("City").  I have been employed in this capacity since January 2017.  My

understanding is that the Court has asked the City to brief the conduct of the in-house and trial

attorneys in response to issues raised at the July 9, 2021 hearing in this litigation.  I make this

1

affidavit to address the Court's issues, and to put before this Court true and accurate copies of relevant documents.

2.      In 1996, I obtained an undergraduate degree in history from Boston University. In 2000, I obtained my juris doctorate from Suffolk University Law School in Boston, Massachusetts.  I am an attorney and a member in good standing of the Massachusetts bar.  I am not, however, a member of the bar of the United States District Court for the District of Massachusetts.

3.      The position of RAO is a statutory office that was created following the Massachusetts legislature's 2016 enactment of *An Act to Improve Public Records*, St. 2016, ch. 121, § 9, which amended the existing Massachusetts Public Records Law, Mass. Gen. Laws ch. 66, §§ 1 *et seq*. (the "Public Records Law"), to require each municipality to "designate 1 or more employees as records access officers."  Other than RAO, I hold no other positions with the City.

4.      Prior to my employment with the City, I was employed in the Public Records Division of the Secretary of the Commonwealth from 2006 until December 2016.  During my employment at the Public Records Division, I worked initially as a Staff Attorney, later as Assistant Director of Public Records, and eventually as Supervisor of Public Records and Director of the Public Records Division.

5.      As RAO, I assist City of Boston departments with requests for City records under the Public Records Law and regulations, 950 CMR 32.00 *et seq*.  In that capacity, I assist with the collection and disclosure of records and the drafting and transmitting of responses to public records requests.  As RAO, and under the Public Records Law, I am responsible for coordinating the City's response to requests for public records and facilitating the production of public records.

6.     Under the Public Records Law and regulations, a department of the City is not required to provide responses to requests for public records through me.  City departments may, and frequently do, respond directly to public records requests.  Similarly, requestors of public records are not required to submit a request through me.  Requestors may submit requests for public records directly to a City department or employee.

7.     To assist in the management of public records requests, the City uses a platform called GovQA.  A requestor may file a request through the City's website on GovQA, or a requestor may make a written request by e-mail, mail, or facsimile.  Each request that comes to me or my office is entered into GovQA and a reference number is assigned.  Requests entered into GovQA are tracked, and a history of all internal and external activity is recorded.  In preparation of my first Affidavit (ECF No. 118-3, Ex. C) and this Supplemental Affidavit, I reviewed the history of recorded activity on GovQA for all public records requests concerning the October 21, 2020 Boston School Committee meeting.

8.     In my role as RAO, I report to Corporation Counsel for the City, but the Public Records Office is separate from the Law Department.

9.     I do not represent the City or City departments in litigation, except that I am occasionally named as a defendant in actions that challenge the City's response to a public records request.  On occasion, I have advised inside and outside counsel for the City in the use of a software licensed to the City called Logikcull, which can be used to review City employee e-mails and other records.  The City uses Gmail, and I am able to search the City's email system using the search tool Google Vault and then upload the results into Logikcull for review.  I do not have access to BPS e-mails through Google Vault, as BPS has its own email account system through Gmail.

3

**The James Vaznis Public Records Request**

10.     On October 22, 2020, James Vaznis of *The Boston Globe* submitted a public records request to the City concerning the October 21, 2020 Boston School Committee meeting. Vaznis submitted the following public records request directly to two BPS employees, Jonathan Palumbo and Xavier Andrews:

> Under the state's public records law and the state's open meeting law, I am seeking copies of all cellular telephone text messages and emails *related to BPS issues* that were sent and received by each Boston School Committee member during their meeting that began on Oct. 21 and that ended on Oct. 22.   This request applies to all members who sat on the committee for the Oct. 21 meeting, including then-Chair Michael Loconto.  (Emphasis added).

(the "Vaznis Request").

11.     Based on my review of the audit history on GovQA, on October 27, 2020, the Vaznis Request was entered into GovQA by Nadra Chase, a paralegal in the BPS Office of the Legal Advisor, and assigned to Lizotte.

12.     On October 30, 2020, I received from Lizotte screenshots of text messages belonging to Boston School Committee members Lorna Rivera, Alexandra Oliver Davila, and Jeri Robinson, and I was asked by then-Corporation Counsel Eugene O'Flaherty to vet which messages in my opinion were responsive to the Vaznis Request for text messages "related to BPS issues."

13.     On October 30, 2020, Lizotte, O'Flaherty, and I received from then-First Assistant Corporation Counsel Henry Luthin an initial draft transcript of the text messages.

14.     Between November 4, 2020 and November 5, 2020, when the City responded to the Vaznis Request, Lizotte consulted with me regarding which text messages or portions of text messages were responsive to the Vaznis Request and which text messages were not "related to BPS issues."  We concluded that certain text messages exchanged between members of the

Boston School Committee were not "related to BPS issues" and, therefore, were not responsive to the Vaznis request. Lizotte also consulted with me on whether providing a transcript of the text messages was a more efficient manner in responding to the Vaznis Request because of the difficulty in reading some of the text messages, and we concluded that a transcript was preferable.

15.     I assisted Lizotte with the written response to the Vaznis Request so that the response was consistent with the Public Records Law's requirements.

16.     With respect to the text messages of the School Committee members, the November 5, 2020 response to the Vaznis Request stated:

> **Text Messages**
>
> With respect to text messages, it is important to note that none of the members possess a mobile phone that is owned by BPS or the City of Boston. Each member was contacted and asked to provide text message records from the respective personal devices that are responsive to your request. While no portions of texts were redacted based on statutory exemptions to the public records law, BPS did omit portions deemed not "related to BPS issues."

A true and accurate copy of BPS' response to the Vaznis Request is attached hereto as Attachment A.

17.     To the best of my knowledge, and as I stated in my previous Affidavit (ECF No. 118-3, Ex. C), Vaznis did not file a timely appeal with the Massachusetts Supervisor of Records regarding the substance of BPS' response.

### The Darragh Murphy Public Records Requests and BPS' March 9, 2021 Response

18.     On November 19, 2020, Darragh Murphy filed a request for public records, seeking:

> Copies of all electronic communications, including emails, text messages, voicemails, social media messages, tweets, etc, to and from Superintendent Cassellius, her staff and/or assistants, and all members of the Boston School

Committee, and all members of the Exam School Working Group regarding the Exam School Working Group, including electronic attachments to all electronic communications.

Please limit your search of the above item(s) to the period from January 1, 2018 to November 19, 2020.

19.     Based on my review of the GovQA audit history for Murphy's November 19, 2020 public records request, the request was assigned to Boston Public Schools and, specifically, Nadra Chase and Catherine Lizotte.

20.     Based on my memory, review of the GovQA audit history, and my e-mail and calendar, my only involvement with Murphy's November 19, 2020 public records request was an e-mail that I sent to Murphy on December 29, 2020, the date that BPS' response to Murphy's November 19, 2020 public records request was due, stating:

> It is my understanding that you have several pending public records requests with the Boston Public Schools.  Today I spoke with the BPS Legal Advisor regarding your requests.
>
> Please be advised that BPS is working diligently to fulfill your requests, however, a response will not be provided today.  It is the goal of BPS to provide a response to your requests within the next several days, and we appreciate your patience at this time.

A true and accurate copy of the December 29, 2020 e-mail is attached hereto as <u>Attachment B</u>.

21.     I was never consulted regarding the content of the response to Murphy's November 19, 2020 public records request or the determination of the public records that were produced in response to the November 19, 2020 public records request.

22.     On February 23, 2021, Darragh Murphy filed another request for public records, seeking:

> Copies of ALL electronic text messages, instant messages, and any other form of electronic communication sent and/or received, including any and all "group" messages sent and/or received by more than one of the following listed individuals, during the School Committee meeting scheduled for October 21,

2020, from the time the meeting started on 10/21/2020 until it was officially adjourned on Thursday, October 22, 2020, between and among each and all of the following:

Superintendent Brenda Cassellius
SC Chair Michael Loconto
SC Members:
Lorna Rivera
Jeri Robinson
Michael O'Neil
Alexandra Oliver-Davila
Hardin LK Coleman
Quoc Tran

23.     Based on my review of the GovQA audit history for Murphy's February 23, 2021 public records request, the request was assigned to Lizotte.

24.     Prior to June 8, 2021, based on my memory, review of the GovQA audit history, and my e-mail and calendar, I was not involved in the gathering or review of records or the response to Murphy's February 23, 2021 public records request.

25.     I was not consulted regarding the content of BPS' March 9, 2021 response to Murphy's February 23, 2021 public records request or the determination of public records produced in response to the February 23, 2021 public records request.

### *The June 2021 Reopening of Murphy's Public Records Request*

26.     On June 9, 2021, I received a letter by e-mail from Murphy.  Murphy did not identify herself as being involved in this litigation.  Murphy's June 9, 2021 letter is addressed to me and states that my "department responded to [Murphy's] FOIA [sic] request on March 9, 2021." This statement is inaccurate.  Neither my department nor I responded to Murphy's public records requests.  The March 9, 2021 response came directly from BPS.  Murphy's June 9, 2021 letter states, "[p]lease also complete the City's response to my original FOIA [sic] request #R000337-022321 by sending me all of the relevant text/electronic messages that School

7

Committee members and BPS attendees of the October 21-22 meeting sent and received during that meeting." A true and accurate copy of Murphy's June 9, 2021 letter is attached hereto as Attachment C.

27.     On June 9, 2021, I sent an e-mail to Murphy, which stated, "[t]hank you for your email, we will reopen your public records request and provide a new response." A true and accurate copy of my June 9, 2021 e-mail to Murphy is attached hereto as Attachment D.

28.     On June 18, 2021, Murphy was provided with a new response to her original November 19, 2020 public records request. The June 18, 2021 response included copies of screenshots of text messages provided to BPS by the members of the Boston School Committee without redaction. A true and accurate copy of the June 18, 2021 response to Murphy, without screenshots of text messages, transcriptions of text messages, or e-mails, is attached hereto as Attachment E.

29.     As stated in my previous July 6, 2021 Affidavit (ECF No. 118-3, Ex. C.), I have reviewed the text messages included with Darragh Murphy's affidavit that accompanied the Boston Parent Coalition for Academic Excellence, Corporation's memorandum in support of its motion pursuant to Federal Rule 60(b), and I confirm that those are the text messages of which screenshots were provided on June 18, 2021.

### *This Litigation*

30.     In preparation of this Supplemental Affidavit, I reviewed the docket entries in this litigation, and I understand from that review that this litigation was filed on February 26, 2021, which is approximately three and one-half months after my involvement in the November 5, 2020 response to the Vaznis Request concerning the October 21, 2020 Boston School Committee meeting.

31.     To the best of my memory, the first time I learned of this litigation was on June 16, 2021.  Prior to June 16, 2021, I had no knowledge of or involvement in this litigation.  Until on or about July 2, 2021, when I was asked to prepare my July 6, 2021 Affidavit to accompany the Defendants' Opposition to Plaintiff's Motion Pursuant to Federal Rule 60(b), I had not communicated, orally or in writing, with Kay Hodge concerning this litigation.

32.     I was never consulted by any attorneys in the City of Boston Law Department or outside counsel regarding documents or exhibits to be used, exchanged, or relied upon in this litigation.

33.     Prior to being asked by Kay Hodge to submit an affidavit to accompany Defendants' opposition to Plaintiffs' Rule 60(b) motion, I was not consulted by any attorneys in the City of Boston Law Department or outside counsel regarding the assembly of any statements of facts, including agreed-upon statements of facts, or any other pleading or paper filed in this litigation.

Signed under the penalties of perjury this 9th day of August, 2021.

Shawn A. Williams
Records Access Officer
City of Boston

# ATTACHMENT A



# BOSTON PUBLIC SCHOOLS
## OFFICE OF LEGAL ADVISOR
### Martin J. Walsh, Mayor

11/05/2020

RE: PUBLIC RECORDS REQUEST of October 22, 2020., Reference # R000876-102720

Dear James:

The Boston Public Schools (BPS) submits this response to your request for public records. A response to a public records request must be provided within ten (10) business days from the business day a written request was received. G. L. c. 66, § 10 (a); 950 CMR 32.06(2)(b). This response applies only to records that exist and are in the custody of the BPS. See *A Guide to the Massachusetts Public Records Law*, p. 32, n.115. It is expected that a custodian of records must use her superior knowledge of her records with respect to responses to public records requests. 950 CMR 32.04(5). Specifically, you stated:

> *Under the state's public records law and the state's open meeting law,*
> *I am seeking copies of all cellular telephone text messages and emails*
> *related to BPS issues that were sent and received by each Boston*
> *School Committee member during their meeting that began on Oct. 21 and*
> *that ended on Oct. 22. This request applies to all members who sat on*
> *the committee for the Oct. 21 meeting, including then-Chair Michael*
> *Loconto.*

It is my understanding you sent your request to the BPS Press Office. Please be advised you may also file a public records request online at the City of Boston's public records request portal:

https://bostonma.govqa.us/WEBAPP/_rs/(S(nbt14nncz15or4qjperko0go))/supporthome.aspx

Responsive records are available to you via the Public Records Center. Click the link below to login to the Records Center and retrieve the requested records.
City Public Records Request - R000876-102720

### Text Messages

With respect to text messages, it is important to note that none of the members possess a mobile phone that is owned by BPS or the City of Boston. Each member was contacted and asked to provide text message records from the respective personal devices that are responsive to your request. While no portions of texts were redacted based on statutory exemptions to the public records law, BPS did omit portions deemed not "related to BPS issues."

### Emails

Each member of the Boston School Committee is provided with an email address. To comply with this request, the BPS conducted a search of its email system for the dates and times of the meeting. No portions of these records were redacted.

### Conclusion

You may appeal this response to the Supervisor of Records in the Office of the Secretary of the Commonwealth. G.L. c. 66, § 10A (c); G.L. c. 66, § 10(b)(ix); 950 CMR 32.08; 950 CMR 32.08(1)(h) (in petitioning the Supervisor, the requester shall provide a copy of such petition to the records access officer associated with such petition). You may also appeal to the Superior Court. 950 CMR 32.06(3)(c).

Sincerely,

Catherine Lyotte

Legal Advisor
Boston Public Schools

# ATTACHMENT B

**From:** Shawn Williams <shawn.williams@boston.gov>
**Sent:** Tuesday, December 29, 2020 1:13 PM EST
**To:** Darragh Murphy <darraghmurphy@comcast.net>
**CC:** Cathy Lizotte <clizotte@bostonpublicschools.org>; Jean Shirley <jean.shirley@boston.gov>
**Subject:** Your requests for records (reference numbers R001019-001021; R001023-R001025)

Good Afternoon Darragh:

It is my understanding that you have several pending public records requests with the Boston Public Schools.  Today I spoke with the BPS Legal Advisor regarding your requests.

Please be advised that BPS is working diligently to fulfill your requests, however, a response will not be provided today.  It is the goal of BPS to provide a response to your requests within the next several days, and we appreciate your patience at this time.

Please do not hesitate to contact me if you have any questions or concerns regarding this matter or if you have any questions regarding the public records law.

Yours truly,

|  | **Shawn A. Williams, Esq.**<br>Director of Public Records<br>Records Access Officer<br>City of Boston<br>One City Hall Square<br>Boston, MA 02201<br>publicrecords@boston.gov |
|---|---|

ATTACHMENT C

> On Jun 9, 2021, at 5:59 PM, Darragh Murphy <darraghmurphy@comcast.net>
> wrote:
>
> Dear Mr. Williams,
>
> On February 23, 2021, I submitted a FOIA request (attached) for public
> records pertaining to text messages sent and received by Boston School
> Committee members, the Superintendent, and other official attendees of the
> School Committee meeting that was held via ZOOM on October 21-22, 2020.
>
> Your department responded to my FOIA request on March 9, 2021
> (attached). Public news stories and the resignations of two School
> Committee members this week because of text messages they sent that night
> show that many relevant text messages that I requested on February 23rd
> were not included in your office's response to me.
>
> Recent Boston Globe articles have revealed relevant text messages
> sent/received by at least two members, Dr. Lorna Rivera and Alexandra
> Oliver-Davila, that were excluded from the release to me. Furthermore,
> there was no indication in the FOIA release to me that some messages had
> been redacted or withheld.
>
> State Public Records law requires that the release of public records
> include notice to the requester that some records have been withheld, as
> well as an explanation of why the records are being withheld.
>
> Please advise why the City of Boston's Office of Public Records failed
> to include all of the relevant documents I requested and also failed to
> follow the law in advising me that some records had been withheld.
>
> Please also complete the City's response to my original FOIA request
> #R000337-022321 by sending me all of the relevant text/electronic messages
> that School Committee members and BPS attendees of the October 21-22
> meeting sent and received during that meeting.
>
> Thank you.
>
> Sincerely,
>
> Darragh Murphy.
> 242 Neponset Ave.
> Boston MA 02122
> 978-505-3933
>
>
>
> <Response_to_D._Murphy_Request_3.9.21.pdf><School Committee Text
> Messages 10:21:20.pdf>

ATTACHMENT D

**From:** Shawn Williams <shawn.williams@boston.gov>
**Sent:** Wednesday, June 09, 2021 9:00 PM EDT
**To:** Darragh Murphy <darraghmurphy@comcast.net>
**CC:** OpenMeeting <openmeeting@state.ma.us>; Catherine Lizotte <clizotte@bostonpublicschools.org>; Dcm <darraghmurphy@comcast.net>; Jean Shirley <jean.shirley@boston.gov>
**Subject:** Re: Records Withheld from My FOIA Request #R000337-022321

Hello Darragh:

Thank you for your email, we will reopen your public records request and provide a new response.

Yours truly,

| |
|---|
| **Shawn A. Williams, Esq.**<br>Director of Public Records<br>Records Access Officer<br>City of Boston<br>One City Hall Square<br>Boston, MA 02201<br><br>publicrecords@boston.gov |

On Wed, Jun 9, 2021 at 6:15 PM Darragh Murphy <darraghmurphy@comcast.net> wrote:

Dear Mr. Williams and Ms. Lizotte,

I am forwarding my email from earlier this evening to Catherine Lizotte, BPS attorney, because I inadvertently left her off the recipient list the first time.

Thank you,

Darragh Murphy.

> On Jun 9, 2021, at 5:59 PM, Darragh Murphy <darraghmurphy@comcast.net> wrote:
>
> Dear Mr. Williams,
>
> On February 23, 2021, I submitted a FOIA request (attached) for public records pertaining to text messages sent and received by Boston School Committee members, the Superintendent, and other official attendees of the School Committee meeting that was held via ZOOM on October 21-22, 2020.
>
> Your department responded to my FOIA request on March 9, 2021 (attached). Public news stories and the resignations of two School Committee members this week because of text messages they sent that night show that many relevant text messages that I requested on February 23rd were not included in your office's response to me.
>
> Recent Boston Globe articles have revealed relevant text messages sent/received by at least two members, Dr. Lorna Rivera and Alexandra Oliver-Davila, that were excluded from the release to me. Furthermore, there was no indication in the FOIA release to me that some messages had been redacted or withheld.
>
> State Public Records law requires that the release of public records include notice to the requester that some records have been withheld, as well as an explanation of why the records are being withheld.
>
> Please advise why the City of Boston's Office of Public Records failed to include all of the relevant documents I requested and also failed to follow the law in advising me that some records had been withheld.
>
> Please also complete the City's response to my original FOIA request #R000337-022321 by sending me all of the relevant text/electronic messages that School Committee members and BPS attendees of the October 21-22 meeting sent and received during that meeting.
>
> Thank you.
>
> Sincerely,
>
> Darragh Murphy.
> 242 Neponset Ave.
> Boston MA 02122
> 978-505-3933
>
>

# ATTACHMENT E

**Subject:** City of Boston Public Records Office City Public Records Request :: R001023-111920
**Body:**



*City of Boston*

*Shawn A. Williams, Esq.*

*Director of Public Records*

06/18/2021

RE: PUBLIC RECORDS REQUEST of November 19, 2020., Reference # R001023-111920

Dear Darragh:

The City of Boston (City) has received your request for public records. This response applies only to records that exist and are in the custody of the City. _See_ *A Guide to the Massachusetts Public Records Law*, p. 32, n.115. It is expected that a custodian of records must use her superior knowledge of her records with respect to responses to public records requests. 950 CMR 32.04(5). Specifically, you stated:

> *Copies of all electronic communications, including emails, text messages, voicemails, social media messages, tweets, etc, to and from Superintendent Cassellius, her staff and/or assistants, and all members of the Boston School Committee, and all members of the Exam School Working Group regarding the Exam School Working Group, including electronic attachments to all electronic communications.*
>
> *Please limit your search for the above item(s) to the period from January 1, 2018 to November 19, 2020.*

The records responsive to this request are provided via a link found below. What follows is an explanation of the records provided in this response in contrast to responses to previous requests.

**Prior Response by the City to Records Responsive to the Present Request**
The City first received a request for the responsive records in the fall of 2020. The original request sought copies of:

> "*cellular telephone text messages and emails related to BPS issues that were sent and received by each Boston School Committee member during their meeting that began on Oct. 21 and that ended on Oct. 22.*"
>
> Public Records Request (R000876-102720)

In its response to request R000876, the City described the records it deemed responsive to that request. Records deemed non-responsive portions were omitted from the response; no records were withheld or redacted pursuant to a public records law exemption.

The City described the responsive records in its response to R00876:

> "**Text Messages**
> *With respect to text messages, it is important to note that none of the members possess a mobile phone that is owned by BPS or the City of Boston. Each member was contacted and asked to provide text message records from the respective personal devices that are responsive to your request.*"

The City informed the requester that it omitted portions deemed not related to BPS issues.

> "**Emails**
> *Each member of the Boston School Committee is provided with an email address. To comply with this request, the BPS conducted a search of its email system for the dates and times of the meeting. No portions of these records were redacted.*"

**Current Requests**
Based upon recent requests for all text messages associated with the above referenced matter, the City has determined that it will provide additional text message records. Recent requests seek all text message records rather than those specifically related to BPS business. Further, it has come to the attention of the City that the previously unreleased text messages have been published and made available to the public, making it "impossible to erase from public knowledge information already released." See Globe Newspaper Co. v. Police Com'r of Boston, 419 Mass. 852, 860 (1995).

**Responsive Records Included With This Communication**
The responsive records consist of screenshots of text messages sent and received by the school committee members. In the prior response a transcribed document was provided in lieu of screenshots. Please note the resolution of the screen shots may not provide optimal viewing at increased magnification - this is the condition of the records as provided to the City. No other copy of these screenshots exist. A copy of the previously released transcribed document is provided, as well as the emails previously provided in response to request R000876. These records have been released to the Public Records Center. Click the link below to login to the Records Center and retrieve the requested records. City Public Records Request - R001023-111920

**Privately Owned Personal Devices**
As noted in the original response, members of the school committee do not possess City-issued devices. As a result, the responsive records were provided by the individual school committee members as screenshots from their personal devices.

**The Public Records Law**
Not all records created by a public employee are public records. Under Massachusetts law, a "public record" is a record "made or received by" a public employee acting in his or her capacity as a public employee, or as in the present instance as a member of a school committee. G. L. c. 4., s. 7 (26).

Each request for records must be reviewed on a case by case basis. Not every text message sent or received on a personal device of a public employee is a public record. Only those records "made or received" in the person's capacity as a public employee are deemed public. An individual analysis of each portion of a message sent from or received on a private device is therefore necessary to determine whether it meets this standard. In conducting such analysis, determinations of whether particular communications were made in a personal versus official capacity frequently require judgment calls between more than one reasonable conclusion. That is the case here, where the responsive records contain personal comments and observations by the members of the school committee that might reasonably be viewed as made in either capacity. However, as stated above, the City is aware that portions of those comments have already been published in the press and the availability of the information elsewhere affects the analysis. Those comments, in the context of a public meeting, have been determined to be responsive and public and therefore are released without omission or redaction.

**Records Retention**

The retention period of public records is determined by the retention schedules promulgated by the Supervisor of Records. Generally, records such as text messages are considered to be "transitory," meaning the retention period is brief. Transitory records do not require permission from the Supervisor of Records for destruction. A transitory record includes "messages created primarily to communicate information of short-term value." <u>See</u> 01.022 Correspondence (d) Transitory Messages, Municipal Records Retention Schedule (April 6, 2020).

In the present matter these records did exist at the time of the request, and as such are provided.

**Conclusion**

All responsive records are provided with this request. No records are withheld or redacted.

Very truly yours,

Shawn A. Williams, Esq.
Director of Public Records
Records Access Officer