# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSTON PARENT COALITION FOR ACADEMIC EXCELLENCE CORP.,<br><br>Plaintiff,<br><br>v.<br><br>THE SCHOOL COMMITTEE OF THE CITY OF BOSTON, ALEXANDRA OLIVER-DAVILA, MICHAEL O'NEILL, HARDIN COLEMAN, LORNA RIVERA, JERI ROBINSON, QUOC TRAN, ERNANI DeARAUJO, and BRENDA CASSELLIUS,<br><br>Defendants<br><br>and<br><br>THE BOSTON BRANCH OF THE NAACP, THE GREATER BOSTON LATINO NETWORK, ASIAN PACIFIC ISLANDER CIVIC ACTION NETWORK, ASIAN AMERICAN RESOURCE WORKSHOP, MAIRENY PIMENTAL, and H.D.,<br><br>Defendants-Intervenors. | Civil Action No. 1:21-cv-10330-WGY |

### AFFIDAVIT OF HENRY C. LUTHIN, ESQ.

Henry C. Luthin makes the following statement under oath:

1. I have been licensed to practice law in the Commonwealth of Massachusetts since June of 1980. From 2008 until March 8, 2021, I served as a First Assistant Corporation Counsel for Government Services of the City of Boston. On March 8, 2021, I became Corporation Counsel of the City of Boston.

2. I submit this affidavit in response to Judge Young's orders during the hearing conducted July 9. In the course of the hearing, the Court stated that it had been misled by the parties' stipulated facts concerning text messages sent by School Committee members during a meeting October 21-22, 2020:

1

> 17 I thought that what was served up to me [in the stipulated facts] was the complete
> 18 interaction that was material to this lawsuit, and as a
> 19 matter of existential fact it's not.

(Tr. 7/9/2021 at 15.)

> 8............................................I want the
> 9 parties to brief, um, the conduct of the attorneys here,
> 10 both the in-house attorneys and the trial attorneys.
>
>       *         *         *         *
>
> 15 ……….. But Massachusetts and the federal courts
> 16 have ethical standards and disciplinary rules and among
> 17 them is candor with the tribunal, and it's not
> 18 inappropriate to say that, um, this business of
> 19 redacting, um -- I understand the explanation that's
> 20 given and I understand that practitioners in this area,
> 21 um, under the Massachusetts Public Records Act, um,
> 22 believe they have the possibility or the right to redact
> 23 wholly personal comments, but the comments like "I hate
> 24 WR" simply are not the same character of -- as comments
> 25 "I like Kit-Kat candy bar," and it's ludicrous candidly
> 1 to equate this. So I'm not at all clear what was going
> 2 on here, um, by this team within the Corporation
> 3 Counsel's office.
>
>       *         *         *         *
>
> 13…….And there's an obligation on counsel when they
> 14 stipulate to things and there's an obligation to inform
> 15 the Court when it is clear that the Court's factual
> 16 basis for its conclusions are, um, wrong, and I think
> 17 there's duties here, and I'd like those briefed.

(Tr. 7/9/2021 at 28-29.)

3. It is critical for the Court to understand that prior to the Court's entry of judgment on April 15, 2021 in reliance on the parties' Joint Agreed Statement of Facts, I had only been consulted on one request for disclosure of texts School Committee members sent during the October 21-22 meeting. That request was submitted by James Vaznis of the Boston Globe less than twenty-four hours after the meeting ended,[1] and sought only "text messages and emails related to BPS issues. . . ." (Affidavit of Catherine Lizotte, ECF No. 118-1, ¶ 3.)  In preparing a response pursuant to the Massachusetts Public Records Law, Attorney Catherine Lizotte, Legal Advisor to the Boston Public Schools, consulted with three other city lawyers: me, in my role as First Assistant, Corporation Counsel Eugene O'Flaherty, and Attorney Shawn A. Williams, the City's Director of Public Records. I was aware before Attorney Lizotte sent the City's response on November 5,

---

[1] *See* Affidavit of Catherine Lizotte, ECF No. 118-1, ¶ 3 and Attachment A. The Defendants' Opposition to Plaintiff's Motion Pursuant to Federal Rule 60(b)(ECF No. 118) mistakenly states at p. 2 that the request was submitted November 17.

2

2020 which passages of the texts had been proposed for omission. I was of the opinion that the proposed omissions did not in fact "relate to BPS issues," and that that a transcript of the responsive texts was the best form for providing them to the requestor because several messages were extremely difficult to read.

4. I am aware that the transcript of the redacted texts and the city's public records response (which stated that some texts had been omitted) were sent to Mr. Vaznis on November 5, 2020, but I did not see the final response or attached transcript of texts until after the Boston Globe story of June 7, 2021.

5. The Coalitions' lawsuit was filed February 26, 2021, three and one-half months after the public records response to Mr. Vaznis. In the interim, the City received ten additional public records requests concerning exam school admissions and the School Committee meeting of October 21-22, 2020, eight from Darragh Murphy and two from the plaintiff Coalition. (Defendants' Opposition to Plaintiff's Motion Pursuant to Federal Rule 60(b)("Defendants' Opposition"), ECF No. 118 at 2-6.) I was not consulted, provided no input, and did not review the city's response to any of those requests.

6. According to the Coalition's Memorandum in Support of Motion Pursuant to Federal Rule 60(b) (ECF No. 113-1)("Coalition Memo"), the plaintiff seeks to set aside the judgment entered by this Court on April 15 because portions of text message transcripts submitted on March 15 in the Joint Agreed Statement of Facts (ECF No. 38, Exh. 72) and represented to be a "True and accurate transcription of text messages between Boston School Committee Members, [sic] Vice-Chairperson Alexandra Oliver Davila and Lorna Rivera during the October 21 Boston School Committee meeting" (ECF No. 38, ¶ 67) omitted certain passages from those text messages. (Coalition Memo at 3-4.) The Coalition states that Paragraph 67 and Exhibit 72 of the Joint Agreed Statement of Facts were based upon and incorporated transcript material provided to the Coalition in the City's response on March 9, 2021 to a public records request submitted by Darragh Murphy February 23, 2021. Id. Ms. Murphy's request was submitted three and one-half months after I was consulted on Globe reporter James Vaznis' unrelated request, which was my last involvement of any kind, prior to entry of judgment on April 15, 2021, in the city's response to public records requests for texts sent during the October 21-22, 2020 meeting. I was not consulted, provided no input, and did not review the city's response on March 9, 2021 to Ms. Murphy's February 23 public records request.

7. I did not consult with other city attorneys or with litigation counsel for the city concerning the Joint Agreed Statement of Facts, did not provide any input into the Joint Agreed Statement of Facts, and did not review any drafts or the final version of the Joint Agreed Statement of Facts before it was filed on March 15, 2021.

Signed subject to the pains and penalties of perjury August 9, 2021.

_____
Henry C. Luthin